**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **DENNIS E. WATKINS,** | ) | **CASE NO. 4:08CV3034** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **v.** | ) | **AND ORDER** |
| | ) | |
| **NABI BIO MEDICAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on Plaintiff's Motion to Suspend. (Filing No. 8.)  In his Motion, Plaintiff asserts that the "NEOC AND EEOC investigations" are not yet concluded. (*Id.* at CM/ECF p. 1.)  Plaintiff "apologizes[s]" for "filing [his] claim early" and "wishes to re-open" his claim after he receives his right-to-sue letter. (*Id.*)

As set forth in the court's previous Memorandum and Order, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the Equal Employment Opportunity Commission or the Nebraska Equal Opportunity Commission. 42 U.S.C.A. § 2000e-5.  This matter cannot proceed in this court unless Plaintiff first exhausts his administrative remedies, and it is clear that he has not.  Although Plaintiff seeks to "suspend" his claims, the court is reluctant to do so.  The NEOC only began "the investigative process" approximately one month ago. (Filing No. 8 at CM/ECF p. 2.)  This process could take months, or even years, to complete.  Rather than "suspend" or "stay" this matter, the court will dismiss Plaintiff's Complaint without prejudice to reassertion after he exhausts his administrative remedies.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Motion to Suspend (Filing No. 8) is denied;

2.      Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice to reassertion after Plaintiff has exhausted his administrative remedies; and

3.      A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 16th day of June, 2008.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge